# IN THE OREGON TAX COURT

FOSTER et al

*v.*

## DEPARTMENT OF REVENUE

(TC 2231)

Lynne W. McNutt, Coos Bay, represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, represented defendant.

Decision for plaintiff rendered May 10, 1985.

### CARL N. BYERS, Judge.

Plaintiffs appeal the assessment of additional Oregon personal income tax for 1980. The assessment resulted from the defendant's denial of capital gains treatment of timber sales.

The plaintiffs' 1980 tax return declares income from the sale of timber of $65,605.56. A claimed deduction of $23,327.22 for "basis" was made and a long-term capital gain of $42,278.34 was claimed. (Plaintiffs' Exhibit 1, Schedule D.)

Mr. Foster testified that he prepared his own income tax return. Based on his experience with a prior audit he understood that, although he had no basis in the timber, he should claim his logging costs as basis. Further, in order to balance the equation, he included the same logging costs in his gross income from logging. Since plaintiff did his own logging, the claimed and reported $23,327.22 was just an estimate, based upon costs charged another timber owner plus 10 percent because of certain conditions making the plaintiffs' timber difficult to log. It appears that any actual logging expenses are included in plaintiffs' claimed business expenses.

The defendant's audit report denied capital gains treatment for the sale of plaintiffs' timber and states: "In addition, you claimed as a basis in the timber an amount equal to 10 percent over the amount being paid by another logging company to have their land logged. IRC § 1012 states that the basis of property shall be its cost." (Defendant's Exhibit D.)

There obviously was a lack of communication between the auditor and the taxpayers. The auditor disallowed capital gains treatment and determined that the entire proceeds from the timber sales, $65,605.56, was ordinary income. There was no corresponding deduction made for plaintiffs' inclusion of the $23,327.22 as gross income.

Mr. Foster testified that he bought the land where he logs in 1956 and has logged for 38 years for himself and others. His gross income from logging in 1980 was $112,625.40. (Plaintiffs' Exhibit 3.) However, he declared a logging gross income of $135,558.53 on his tax return. (Plaintiffs' Exhibit 1, Schedule C.) The difference is approximately what he declared as income from the cutting expense applied to the sale of his own timber.

Two issues face the court: (1) Were plaintiffs entitled to capital gains treatment and (2) did plaintiffs overstate their income by $23,327.22?

In order to qualify for capital gains treatment, plaintiffs must satisfy the provisions of IRC § 1221 or § 631(a) or § 632(b). Section 1221 allows capital gains treatment for "capital assets" but specifically excludes "property held for sale to customers in the ordinary course of his trade or business."

The plaintiff's testimony that he had logged his own

timber for many years clearly indicates that the timber was inventory, not a capital asset. Therefore, plaintiffs are not entitled to capital gains treatment under IRC § 1221.

■　　IRC § 631(a) allows a taxpayer to elect capital gains treatment on his return. The plaintiff believed that he had made that election by the manner in which he filed his tax return. The defendant insisted that the election could be made only by following a certain procedure involving the filing of a specific form. The court is not inclined to demand such rigid procedure but the statutory computations required by section 631 are mandatory and this is where plaintiffs failed.

■　　In order to compute capital gains after making the election provided by section 631(a), the fair market value of the standing timber on the first day of the year in question is the essential starting point. The basis in the standing timber is deducted and the remainder is given capital gains treatment. When the cut timber is sold, the difference between the selling price and the fair market value of the standing timber is reported as ordinary income. In both computations the fair market value of the standing timber is an essential component. No estimate was furnished the court regarding this vital part of the formula. Therefore, the taxpayer cannot qualify for capital gains treatment under IRC § 631(a).

In order to qualify pursuant to IRC § 631(b) an owner of timber must "dispose[s] of it under a contract by virtue of which he retains an economic interest." The plaintiff testified that he logged his own timber and sold it to local mills but without evidence of fair market value as standing timber, there is no way to compute the component recognized as a capital gain. Thus IRC § 631(b) is inapplicable.

Without evidence regarding the fair market value of the standing timber, the court is powerless to offer the plaintiffs any relief regarding the denial of capital gains treatment on the sale of their timber.

The testimony of the taxpayer and of the auditor plus a careful examination of the submitted exhibits convinces the court that plaintiffs did indeed overstate their income. The preponderance of the evidence indicates that the taxpayers deducted the estimated costs of logging their own timber and declared the same amount as gross income from logging.

When the auditor disallowed plaintiff's estimate, there was no corresponding deduction from gross income.

The court finds that the plaintiffs' gross income was overstated by $23,327.22. The defendant shall correct the adjustment to the plaintiffs' 1980 Oregon personal income tax pursuant to this finding.