## IN THE OREGON TAX COURT

Clark A. and Charity L. COLE
and Harold G. and Phyllis Cole

*v.*

### DEPARTMENT OF REVENUE

(TC 2993)

Phyllis Cole represented plaintiffs.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion for defendant rendered April 11, 1991.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from income tax deficiencies assessed for the years 1980, 1981 and 1982. The deficiencies arose because defendant disallowed plaintiffs' claim of capital gains treatment on income received from their logging business.

During the years in question, plaintiffs operated a joint venture engaged in the business of contract logging.

Under a typical contract, the timber owner sells timber stumpage to the logger. The contract price for the timber is 50 percent of the amount received for the logs produced from the timber. The contract logger furnishes the labor and equipment to harvest the timber.[1] Plaintiffs performed on their contracts and reported their net proceeds as capital gains.

Timber contracts, even though held for more than one year, are not capital assets. IRC § 1221(1).[2] However, IRC § 631(a) permits a taxpayer to obtain capital gain benefits by electing to treat the cutting of timber as a taxable disposition.[3] Where the taxpayer has a contract right to timber, IRC § 631(a) grants capital gain treatment only to the gain attributable to natural growth or appreciation in value of the timber. Any gain attributable to the process of converting the timber into logs or other wood products is ordinary income. The relevant regulations provide:

"**(a)   Effect of election.   (1)**   Section 631(a) provides an election to certain taxpayers to treat the difference between the actual cost or other basis of certain timber cut during the taxable year and its fair market value as standing timber on the first day of such year as gain or loss from a sale or exchange under section 1231. Thereafter, any subsequent gain or loss shall be determined in accordance with paragraph (e) of this section."

"* * * * *

"**(e)   Computation of subsequent gain or loss.**—**(1)**   In case the products of the timber are sold after

---

[1] The court acknowledges this explanation is oversimplified but the terms of the contracts are not an issue in this case.

[2] The laws in effect for the years in question provided holding periods of one year. 1976 Tax Reform Act, § 1402(b)(2) (Pub L 94-455, 10-4-76).

[3]

"Before the 1943 Revenue Act, the entire gain realized from timber cut by a taxpayer for sale or use in his trade or business was taxed as ordinary gain, but capital gain treatment was accorded to a nondealer making an outright sale of standing timber on the stump. (Footnote omitted.) As a result, if a taxpayer cut his own timber, the increase in the value attributable to natural growth or long-term appreciation was taxed as ordinary gain in lieu of a capital gain which would result in the nondealer, absolute sale situation. Section 631(a) was enacted as a relief provision to alleviate what Congress determined to be an inequitable distinction for tax purposes between a timber owner or operator who cuts timber himself, or, for example, sold logs or boards, and a timber owner or operator who sold standing timber outright prior to cutting." Burnett, 457 TM, *Timber Transactions,* at A-5 (1984).

cutting, either in the form of logs or lumber or in the form of manufactured products, the income from such actual sales shall be considered ordinary income. When the election under section 631(a) is in effect, the cost of standing timber cut during the taxable year is determined as if the taxpayer had purchased such timber on the first day of the taxable year. Thus, in determining the cost of the products so sold, the cost of the timber shall be the fair market value on the first day of the taxable year in which the standing timber was cut, in lieu of the actual cost or other basis of such timber." Treas Reg § 1.631-1.

To qualify for the benefits of IRC § 631(a) a taxpayer must meet four conditions:

(1)   The taxpayer must own or have a contract right to cut timber.

(2)   The taxpayer must have the interest in timber for one year or more.

(3)   The timber must be cut for sale or use in the taxpayer's business.

(4)   The taxpayer must elect to treat the cutting as a sale or exchange.

Defendant disallowed plaintiffs' claimed capital gain treatment on two grounds. First, defendant claims plaintiffs did not properly elect IRC § 631(a) treatment. Second, plaintiffs did not show any gain from appreciation or holding of the timber. That is, the fair market value of the timber on the first day of the year of the harvest was no different from the price plaintiffs paid to the owner of the timber.

If defendant is correct, all of plaintiffs' gain is attributable to the conversion (logging) operations. Thus, even if taxpayers had made a timely election, all the income was ordinary income. It is not necessary for this court to address the second issue since it finds plaintiffs failed to make a timely election under IRC § 631(a).

■   Plaintiffs claim they made the election. Plaintiffs' accountant testified she prepared plaintiffs' returns and completed Schedule D to show the income as capital gain. She believes reporting net proceeds as capital gain is an adequate

election under the statute.[4] The court sympathizes with plaintiffs' accountant. The laws are complex and far from clear. No direction is given in the statutes as to how to make the election. However, Treas Reg § 1.631-1(c) provides:

> "**Manner of making election.** The election under section 631(a) must be made by the taxpayer in his income tax return for the taxable year for which the election is applicable and such election cannot be made in an amended return for such year. *The election in the return shall take the form of a computation* under the provisions of section 631(a) and section 1231." (Emphasis added.)

The court finds plaintiffs did not comply with this regulation. Plaintiffs showed only net proceeds on their returns. At best, plaintiffs' action constitutes a claim that the income was capital gain. The regulation requires a "form of computation" under IRC § 631(a) and § 1231. This court has previously held that, due to the nature of the law, the computation must show the fair market value of the timber. *Foster v. Dept. of Rev.*, 10 OTR 76, 78 (1985). Although the regulation does not specify how to make the computation, it specifies the statutory provisions. To make computations under those provisions, one must show sufficient information to distinguish capital gain from ordinary income. To claim income as capital gain simply implies disposition of a capital asset.

Based on the above findings, the court must sustain defendant's Opinion and Order Nos. 85-0974 and 85-0975. Costs to neither party.

---

[4] The accountant admitted to some initial confusion when trying to interpret the statutory provisions but believes she correctly prepared the return to reflect the election.